UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTONIO McGILL  ]
    Plaintiff,  ]
                ]    No. 3 09 0336
v.                     ]    (No. 3:09-mc-0063)
                ]    Judge Trauger
COMMISSIONER GEORGE LITTLE,  ]
et al.  ]
    Defendants.  ]

M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against George Little, Commissioner of the Tennessee Department of Correction (TDOC); and Ruben Hodge, an Assistant Commissioner of TDOC; seeking injunctive relief and damages.

On January 7, 2008, a disciplinary board at the South Central Correctional Center found the plaintiff guilty of possessing a deadly weapon. For this offense, he received punishment in the form of 15 days in segregation, a $5 fine and the loss of accrued sentence reduction credits. On appeal, the defendants affirmed the disciplinary conviction.

On January 10, 2008, a disciplinary panel at the prison also found the plaintiff guilty of participating in gang activity. He

1

appealed this decision as well but had not received a response by February 25, 2008 as required by prison regulations

The plaintiff believes that the defendants have violated his right to due process by affirming the first conviction and by failing to respond to his second appeal in a timely manner

The plaintiff filed this action on March 27, 2009, the date that his Prison Trust Fund Affidavit was signed and presumably placed in the prison mail system for posting. See Attachment to Docket Entry No. 2. The plaintiff's claims arose when the defendants affirmed his first disciplinary conviction on February 8, 2008 and on February 25, 2008, when they failed to respond to his second appeal. Thus, it appears that this action is time-barred by the one year statute of limitations imposed upon civil rights claims brought in Tennessee. Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir. 1997).

Nothing in the complaint suggests that the statute should be tolled so as to permit the untimely filing of the complaint. The Court, therefore, concludes that this action is untimely and is not subject to adjudication. Pino v. Ryan, 49 F.3d 51, 53-54 (2d Cir. 1995); see also Watson v. Wigginton, 16 F.3d 1223, 1994 U.S. App. LEXIS 1329, No. 93-6023 (unpublished; 6th Cir. January 24, 1994).

Because this action appears to be time-barred, the plaintiff has failed to state a claim upon which § 1983 relief can be

2

granted. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

3